IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02458-REB-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

      This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order.  The Court has reviewed that Motion.  The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information.  Therefore, IT IS ORDERED:

      1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

      3.     Information designated "CONFIDENTIAL" shall be information that implicates common law or statutory privacy and/or confidentiality interests such as:  (a) personnel

records of current or former employees of Defendant; (b) Defendant's trade secrets and commercial or financial information that are either privileged or confidential; and (c) medical, financial, and tax records of Kelly Ferris, Defendant's employees, and any other witness in this case.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, *except that* such information may be disclosed to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties and the designated representatives for the Parties;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties.

(i)    Charging Party Kelly Ferris, except with regards to third-party medical information prior to which disclosure requires written agreement.

Error! Unknown document property name.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the protective Order.

6.      The producing party may designate a document as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."

7.      Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that it is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five (45) days after notice by the court reporter of the completion of the transcript. The designating party shall direct the court reporter to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the

Error! Unknown document property name.

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion, within thirty (30) days after the notice is received, requesting that the court determine

whether the disputed information should be subject to the terms of this Protective Order.  If such

a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the

terms of this Protective Order until the Court rules on the motion.  If the designating party fails

to file such a motion within the prescribed time, the disputed information shall lose its

designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in

accordance with this Protective Order.  In connection with a motion filed under this provision,

the party designating the information as CONFIDENTIAL shall bear the burden of establishing

that good cause exists for the disputed information to be treated as CONFIDENTIAL.

    10.    This protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

    ORDERED this 24th day of June, 2013.

                              BY THE COURT:

                              _____
                              Kathleen M. Tafoya
                              United States Magistrate Judge

4

**AGREED AND APPROVED:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:     /s/ *D. Andrew Winston*
          Iris Halpern
          Denver Field Office
          303 E. 17th Avenue, Suite 410
          Denver, CO  80203
          Telephone:  303.866.1361
          E-Mail:  andrew.winston@eeoc.gov

*Attorneys for Plaintiff*


DILLON COMPANIES, INC., d/b/a KING SOOPERS

By:     /s/ *Heather Fox Vickles*
          Sherman & Howard, LLC
          633 17th Street, Suite 3000
          Denver, CO  80202
          Telephone:  303.299.8194
          E-Mail:  hvickles@shermanhoward.com

*Attorneys for Defendant*

**Error! Unknown document property name.**